# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO.: 1:22-cv-23990

ROYALE ENAMEL LIMITED,

                Plaintiff,

v.

JD E-COMMERCE AMERICA LIMITED
and JINGDONG E-COMMERCE (TRADE)
HONG KONG CORPORATION,

                Defendants.

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff ROYALE ENAMEL LIMITED ("Royale Enamel" or "Plaintiff"), by and through its undersigned counsel, brings this Complaint against JD E-COMMERCE AMERICA LIMITED and JINGDONG E-COMMERCE (TRADE) HONG KONG CORPORATION ("Defendants"), who are promoting, selling, offering for sale and distributing goods bearing or using infringements and confusingly similar imitations of Plaintiff's intellectual property throughout the United States, including within the state of Florida and this district, through Walmart online stores under the merchant names JOYBUY, JOYBUY EXPRESS, JOYBUY SELECTION and JOYBUY AMERICA, and in support of its claims, alleges as follows:

## SUMMARY OF THE ACTION

1.      Plaintiff Royale Enamel brings this action for pursuant to 15 U.S.C. §§1114(2), 1116, and 1125(a), The All Writs Act, 28 U.S.C. §1651(a), and Florida's common law.

2.      Plaintiff Royale Enamel brings this action for willful copyright infringement and piracy committed for purposes of commercial advantage or private financial gain by the

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

reproduction or distribution, including by electronic means, of one or more copies of copyrighted works in violation of 17 U.S.C. §501, and for all the remedies available under the Copyright Act 17 U.S.C. §101, *et seq.*, and The All Writs Act, 28 U.S.C. §1651(a).

## SUBJECT MATTER JURISDICTION

3.      This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338.

4.      This Court also has subject matter jurisdiction over this action pursuant to 15 U.S.C. §1121, 17 U.S.C. §301.

5.      This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 over the state law claims because those claims are so related to the federal claims that they form part of the same case or controversy.

## PERSONAL JURISDICTION

6.      Defendants are subject to personal jurisdiction in this district because they purposefully direct their activities toward and conduct business with consumers throughout the United States, including within the state of Florida and this district, through Walmart online stores at https://www.walmart.com/ ("Walmart.com") accessible in Florida and operating under the merchant names JOYBUY, JOYBUY EXPRESS, JOYBUY SELECTION and JOYBUY AMERICA.

7.      Defendants are subject to personal jurisdiction in this district because their illegal activities directed towards the state of Florida cause Plaintiff injury in Florida, and Plaintiff's claims arise out of those activities.

8.      Alternatively, Defendants are subject to personal jurisdiction in this district pursuant to Federal Rule of Civil Procedure 4(k)(2) because (i) Defendants are not subject to

jurisdiction in any state's court of general jurisdiction; and (ii) exercising jurisdiction is consistent with the United States Constitution and laws.

## VENUE

9.      Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(3) because Defendants are not residents of the United States and therefore there is no district in which an action may otherwise be brought. Defendants are thus subject to the Court's personal jurisdiction.

10.     Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) since Defendants are, upon information and belief, aliens who are engaged in infringing activities and causing harm within this district by advertising, offering to sell, selling and/or shipping infringing products to consumers into this district.

11.     Venue is proper in this Court pursuant to 28 U.S.C. §1400(a) because Defendants or their agents reside or may be found in this judicial district and are therefore subject to the Court's personal jurisdiction.

## THE PLAINTIFF

12.     Royale Enamel is a Private Limited Company incorporated in 2014 in United Kingdom with its principal place of business in Spalding, England.

13.     Royale Enamel is owned by David Jonathan James Breese. Mr. Breese designs, hand makes and manufactures clocks and decorative items in his workshop in England. Mr. Breese's Mid Century style Starburst Wall Clocks and Royalexe High Pressure Laminate Wall, Mantle Clocks and Wall Art Plaques utilize the same materials that were used during the 1950's and 60's. Mr. Breese's colorful designs, broadly influenced by Mid Century shapes and styles, are unique in their own way and incorporate materials that will stand the test of time and look stylish in any modern or traditional interior.

14.     Royale Enamel's products are sold through its store on Etsy.com at

https://www.etsy.com/uk/shop/RoyaleEnamelLtd and through its own website

www.royalestarburstclocks.com, both accessible worldwide including in the United States.

15.     Royale Enamel owns its intellectual property portfolio consisting of the

trademarks and copyrights described below that are the subject of this action.

16.     Plaintiff offers for sale and sells its products throughout the United States

including within the state of Florida and this district.

17.     Like many other intellectual property rights owners, Plaintiff suffers ongoing

daily and sustained violations of its intellectual property rights at the hands of counterfeiters and

infringers, such as Defendants herein.

18.     Plaintiff is harmed, the consuming public is duped and confused, and the

Defendants earn substantial profits in connection with the infringing conduct.

19.     In order to combat the harm caused by the combined actions of Defendants and

others engaging in similar infringing conduct, Plaintiff expends significant resources in

connection with its intellectual property enforcement efforts, including legal fees and

investigative fees.

20.     The recent explosion of infringement over the Internet has created an environment

that requires companies like Plaintiff to expend significant time and money across a wide

spectrum of efforts in order to protect both consumers and itself from the ill effects of

infringement of Plaintiff's intellectual property rights, including consumer confusion and the

erosion of Plaintiff's brands.

## PLAINTIFF'S INTELLECTUAL PROPERTY RIGHTS

### A.   PLAINTIFF'S TRADEMARK RIGHTS

21.   Plaintiff manufactures and sells worldwide high-quality, handmade, colorful, special designed clocks under different marks, including among them: R (Stylized/Design) and ROYALE (Stylized/Design) as shown in the table below (collectively the "Royale Enamel Marks", also referred as "R Mark" and "ROYALE Mark").

| Country | Mark | App./ Reg. No. | App./ Reg. Date |
|---------|------|----------------|-----------------|
| US |  | 97400531 | 05/09/2022 |
| n/a |  | n/a | n/a |

22.   Plaintiff is the owner of all rights in and to the Royale Enamel Marks by written assignment, for clocks, clock cases, clock housings and parts of clocks, products belonging to the International Class 014, including trademarks common law rights and the exclusive right to pursue acts of infringement worldwide and retain and recover all proceeds thereof. A true and correct copy of the Worldwide Intellectual Property Assignment is attached hereto as Exhibit 1.

23.   The R Mark was first used on Plaintiff's high-quality, handmade, colorful, special designed clocks on May 1, 2020, through Plaintiff's store at Etsy.com, available worldwide

including in the United States. True and correct copies of the trademark application with the United States Patent and Trademark Office for R Mark, as well its trademark registration with the United Kingdom Intellectual Property Office in Plaintiff's country of origin, are attached hereto as Composite Exhibit 2.

24.     The ROYALE Mark was first used on Plaintiff's high-quality, handmade, colorful, special designed clocks in July 2017, through Plaintiff's store at Etsy.com, available worldwide including in the United States. Evidence of actual use in commerce of ROYALE Mark is attached hereto as Exhibit 3.

25.     Although not registered in the United States, the Royale Enamel Marks are inherently distinctive and strong marks. The combination of its literal and design elements makes them arbitrary or fanciful marks in relation to clocks, clock cases, clock housings and parts of clocks, products Plaintiff manufactures and sells under those marks. Their distinctiveness and actual prior uses in commerce establish ownership rights and support their entitlement to trademark protection, with all available legal actions and remedies, against unlawful and unauthorized uses such as the ones by Defendants which are described in this action.

26.     The Royale Enamel Marks are used in connection with the manufacture and distribution of Plaintiff's high-quality, handmade, colorful, special designed clocks.

27.     The Royale Enamel Marks are usually displayed over the face of Plaintiff's high-quality, handmade, colorful, special designed clocks, under the number 12. Shown below are the Royale Enamel Marks as usually used on Plaintiff's products.

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK







**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK



28.     The Royale Enamel Marks have been used in interstate commerce by Plaintiff to identify and distinguish its high-quality, handmade, colorful, special designed clocks for an extended period long prior in time to Defendants' use of copies of those trademarks.

29.     The Royale Enamel Marks have never been assigned or licensed to the Defendants.

30.     The Royale Enamel Marks are symbols of Plaintiff's quality goods, reputation and goodwill and have never been abandoned.

31.     Plaintiff has carefully monitored and policed the use of the Royale Enamel Marks.

32.     Plaintiff has expended substantial time, money and other resources developing, advertising and otherwise promoting worldwide, including in the United States, the Royale Enamel Marks in connection with its high-quality, handmade, colorful, special designed clocks. The Copyrighted Product Photographs are a product of those promotional efforts.

33.     In recent years, sales of products bearing or using the Royale Enamel Marks have exceeded thousands of dollars within the United States.

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

34.     As a result of Plaintiff's efforts, members of the consuming public readily identify merchandise bearing or sold under the Royale Enamel Marks as being high-quality, handmade, colorful, special designed clocks sponsored and approved by Plaintiff.

35.     Accordingly, the Royale Enamel Marks have achieved secondary meaning as identifiers of high-quality, handmade, colorful, special designed clocks.

36.     Genuine high-quality, handmade, colorful, special designed clocks bearing or using the Royale Enamel Marks are widely legitimately advertised and promoted by Plaintiff via the Internet.

37.     Visibility on the Internet, particularly via Internet search engines such as Google, Yahoo!, and Bing has become increasingly important to Plaintiff's overall marketing and consumer education efforts.

38.     Thus, Plaintiff expends significant monetary resources on Internet marketing and consumer education, including search engine optimization ("SEO") strategies.

39.     Plaintiff's SEO strategies allow Plaintiff to fairly and legitimately educate consumers about the value associated with Plaintiff's products and the goods marked with the Royale Enamel Marks.

## B.     PLAINTIFF'S COPYRIGHT RIGHTS

**40.**     Plaintiff advertises, markets, promotes, and sells its high-quality, handmade, colorful, special designed clocks using product photographs protected by copyright and registered with the United Kingdom Copyright Service (UKCS) in Plaintiff's country of origin (hereinafter, referred to as the "Copyrighted Product Photographs").

41.     Plaintiff registered its photographs under the registration No. 284746093 with the title "Royale Enamel Limited High Pressure Laminate & Starburst Clocks." A true and correct

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

copy of Plaintiff's Registration Certificate with UKCS and the photographs it applies to is attached hereto as Exhibit 4.

42.     The acquisition, exercise and protection of copyrights without formality by the authors and owners over theirs works outside the country of origin, independent of the existence of protection in the country of origin, is a principle held by the Berne Convention of the Protection of Literary and Artistic Words as amended on September 28, 1979 (the "Berne Convention"), and the WIPO Copyright Treaty (the "WCT") of December 20, 1996 (special agreement within the meaning of article 20 of Berne Convention), of which the United Kingdom and the United States are contracting parties. In consequence, Royale Enamel, Plaintiff in this action, may exercise these rights, including the means of redress afforded to the authors and owners to protect their rights, in countries of the Union (countries to which Berne Convention applies) other than the country of origin, governed by to the laws of the country where protection is claimed.

43.     While Royale Enamel's Copyrighted Product Photographs are not registered yet in the United States, the registration requirement for bringing a civil action for copyrights infringement in 17 U.S.C. §411(a) only applies to U.S. works, not foreign works like Royale Enamel's Copyrighted Product Photographs.

44.     Genuine handmade, colorful, special designed clocks are widely legitimately advertised and promoted by Plaintiff using the Copyrighted Product Photographs.

45.     The Copyrighted Product Photographs show Plaintiff's high-quality, handmade, colorful, special designed clocks through different angles shots. The Copyrighted Product Photographs illustrate the beauty and finish of every detail of the clocks' designs.

46.     The Copyrighted Product Photographs are valuable to Plaintiff's business and are part of its intellectual property assets. The R Mark and ROYALE Mark can be seen on the face of the high-quality, handmade, colorful, special designed clocks, featured in the Copyrighted Product Photographs. The Copyrighted Product Photographs show the high-quality, handmade, colorful, special designed clocks' origin and design features. The Copyrighted Product Photographs help build brand reputation, confidence, and goodwill, which result in consumer loyalty.

47.     Plaintiff has never granted authorization to anyone to advertise, market, or promote unauthorized goods using Plaintiff's Copyrighted Product Photographs.

## **DEFENDANTS**

48.     Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

49.     Defendants are Chinese business entities with an office in California.

50.     Defendants are engaged in business in Florida but have not appointed an agent for service of process.

51.     Defendants have registered, established, or purchased, and maintained at Walmart.com Sellers IDs with the merchant names JOYBUY, JOYBUY EXPRESS, JOYBUY SELECTION and JOYBUY AMERICA.

52.     Defendants target their business activities toward consumers throughout the United States, including within this district, through their commercial operation at Walmart.com under the Seller IDs with the merchant names JOYBUY, JOYBUY EXPRESS, JOYBUY SELECTION and JOYBUY AMERICA.

53.     Defendants are the past and present controlling forces behind the sale of products bearing or using infringements of Plaintiff's intellectual property rights as described herein

operating and using the Seller IDs with the merchant names JOYBUY, JOYBUY EXPRESS, JOYBUY SELECTION and JOYBUY AMERICA.

54.     Defendants directly engage in unfair competition with Plaintiff by advertising, offering for sale, and selling goods bearing or using infringements of Plaintiff's intellectual property rights to consumers within the United States and this district through Walmart.com using the Seller IDs with the merchant names JOYBUY, JOYBUY EXPRESS, JOYBUY SELECTION and JOYBUY AMERICA.

55.     Defendants use product denominations, descriptive content, and images in their individual seller stores at Walmart.com containing one or more of the Royale Enamel Marks and the Copyrighted Product Photographs, or substantially similar photographs, and these denominations and content are indexed on search engines and compete directly with Plaintiff for space in search results.

56.     The appearance of Defendants' individual seller stores at Walmart.com in search engine results undermines Plaintiff's efforts to educate consumers about the value of products sold under the Royale Enamel Marks.

57.     Defendants are using infringements of Plaintiff's intellectual property rights to drive Internet consumer traffic to their individual seller stores at Walmart.com operating under the Seller IDs with the merchant names JOYBUY, JOYBUY EXPRESS, JOYBUY SELECTION and JOYBUY AMERICA, thereby increasing the value of the Seller IDs and decreasing the size and value of Plaintiff's legitimate marketplace and intellectual property rights at Plaintiff's expense.

58.     Defendants, through the sale and offer to sell infringing products, are directly, and unfairly, competing with Plaintiff's economic interests throughout the United States, including in the state of Florida, and causing Plaintiff harm and damage within this jurisdiction.

59.     The natural and intended byproduct of Defendants' actions is the erosion and destruction of the goodwill associated with Plaintiffs' intellectual property rights and the destruction of the legitimate market sector in which it operates.

60.     Upon information and belief, at all times relevant hereto, Defendants had actual or constructive knowledge of Plaintiff's intellectual property rights, including Plaintiff's exclusive right to use and license such intellectual property rights.

## DEFENDANTS' INFRINGING ACTIVITIES

61.     Plaintiff's business success purveying its high-quality, handmade, colorful, special designed clocks, has resulted in infringement of the Copyrighted Product Photographs and in some cases of the Royale Enamel Marks.

62.     Defendants are promoting, advertising, distributing, selling, and/or offering for sale knockoffs of Plaintiff's high-quality, handmade, colorful, special designed clocks in interstate commerce that are infringements of Plaintiff's intellectual property rights (the "Infringing Goods") through Walmart.com operating under the Seller IDs with the merchant names JOYBUY, JOYBUY EXPRESS, JOYBUY SELECTION and JOYBUY AMERICA. Defendants are using pirated copies of the Copyrighted Product Photographs or substantially similar photographs, and similar or identical marks to one or more of the Royale Enamel Marks in their infringing activities. True and correct copies of the web pages captured and downloaded showing the infringing products at Walmart.com, as well photos of some test purchases from Defendants' individual stores placed by Plaintiff or someone under its supervision, are attached hereto as Composite Exhibit 5.

63.     As shown in the comparison below between a genuine Royale Enamel clock on the left, and a cheap knock-off clock sold by Defendants on the right, Defendants are counterfeiting Plaintiff's products by printing images of Plaintiff's high quality clocks onto plexiglass or acrylic and attaching cheap clock movements and clock hands to the plexiglass. This is obvious when viewed in perspective since the counterfeit clock on the right, unlike the clock on the left, is *entirely two-dimensional.*



64.     Defendants are using similar or identical marks to one or more of the Royale Enamel Marks for different quality goods. The tests purchases from Defendants' individual stores show that Defendants are pirating the Copyrighted Product Photographs featuring the high-quality, handmade, colorful, special designed clocks in which the R Mark and ROYALE Mark can be seen, making bad quality reproductions of the photographs that adhere to cheap material used as main structural part of the infringing products depicting the clocks' face. As consequence of the described use of pirated copies of the Copyright Products Photographs by Defendants, the R Mark and ROYALE Mark are also being used on Defendants' infringing products, which results in the false designation of origin of the products, and misleads consumers about the source and quality of the products and/or a possible association between Plaintiff and Defendants.

65. Defendants are using pirated copies of the Copyrighted Product Photographs together with denominations and descriptive language similar to that used by Plaintiff in promoting its high-quality, handmade, colorful, special designed clocks through its legitimate sales channels, and in some cases Defendants are using similar or identical marks to one or more of Royale Enamel Marks, to initially attract online customers and drive them to Defendants' individual seller stores at Walmart.com operating under the Seller IDs with the merchant names JOYBUY, JOYBUY EXPRESS, JOYBUY SELECTION and JOYBUY AMERICA.

66. As part of Plaintiff's anti-pirating and anti-counterfeiting efforts, Plaintiff has used its store at Etsy.com and the FAQs section of its website at https://www.royalestarburstclocks.com/faqs-retro-mid-century-wall-clocks to warn consumers about the copying of its images, header, and listing descriptions by unauthorized entities selling knockoffs of its high-quality, handmade, colorful, special designed clocks, and to make clear its legitimate sale channels through which genuine clocks under the Royale Enamel Marks are available for sale.

67. Plaintiff has used the Royale Enamel Marks and the Copyrighted Product Photographs extensively and continuously before Defendants began offering infringing and confusingly similar imitations of Plaintiff's merchandise.

68. Defendants' Infringing Goods are of a quality substantially different than that of Plaintiff's genuine goods. The tests purchases from Defendants' individual stores placed by Plaintiff or someone under its supervision evidence the poor-quality materials and defective parts and pieces in Defendants' knockoffs of Plaintiff's high-quality, handmade, colorful, special designed clocks.

69.     Defendants are actively using, promoting and otherwise advertising, distributing, selling and/or offering for sale substantial quantities of their Infringing Goods with the knowledge and intent that such goods will be mistaken for the genuine high-quality, handmade, colorful, special designed clocks offered for sale by Plaintiff, despite Defendants' knowledge that it is without authority to use the Royale Enamel Marks and the Copyrighted Product Photographs.

70.     The net effect of Defendants' actions is consumer confusion at the time of initial interest, sale, and in the post-sale setting. Consumers are likely to believe all of Defendants' goods offered for sale on Defendants' individual seller stores at Walmart.com are genuine high-quality, handmade, colorful, special designed clocks originating from, associated with, and approved by Plaintiff.

71.     Defendants advertise their e-commerce stores, including their Infringing Goods offered for sale, to the consuming public via individual seller stores at Walmart.com operating under the Seller IDs with the merchant names JOYBUY, JOYBUY EXPRESS, JOYBUY SELECTION and JOYBUY AMERICA.

72.     In so advertising their stores and products, Defendants improperly and unlawfully use infringing versions of the Copyrighted Product Photographs or substantially similar photographs, and in some cases use similar or identical marks to one or more of the Royale Enamel Marks, without Plaintiff's permission.

73.     As part of their overall infringement and pirating scheme, Defendants are, upon information and belief, concurrently employing and benefitting from substantially similar advertising and marketing strategies based in large measure upon an illegal use of the Copyrighted Product Photographs or substantially similar photographs and one or more of

Royale Enamel Marks. The web pages captured and downloaded with Defendant's infringing products at Walmart.com display the same advertising images of the clocks.

74.     Specifically, Defendants are using pirated versions of the Copyrighted Product Photographs or substantially similar photographs, and in some cases similar or identical marks to one or more of Royale Enamel Marks, in order to make their individual seller stores at Walmart.com selling illegal goods appear more relevant and attractive to consumers searching for both Plaintiff's goods and goods sold by Plaintiff's competitors online.

75.     By their actions, Defendants are contributing to the creation and maintenance of an illegal marketplace at Walmart.com operating in parallel to the legitimate marketplace at Etsy.com and Plaintiff's website for Plaintiff's genuine clocks featured in the Copyrighted Product Photographs and sold under the Royale Enamel Marks.

76.     Defendants are causing individual, concurrent and indivisible harm to Plaintiff and the consuming public by (i) depriving Plaintiff and other third parties of their right to fairly compete for space within search engine results and reducing the visibility of Plaintiff's genuine goods on the World Wide Web, (ii) causing an overall degradation of the value of the goodwill associated with Plaintiff's business and its intellectual property assets, and (iii) increasing Plaintiff's overall cost to market its goods and educate consumers via the Internet.

77.     Defendants are concurrently conducting and targeting their infringing and pirating activities toward consumers and likely causing unified harm within this district and elsewhere throughout the United States.

78.     As a result, Defendants are defrauding Plaintiff and the consuming public for Defendants' own benefit.

79.     Upon information and belief, at all times relevant hereto, Defendants in this action had full knowledge of Plaintiff's ownership of the Royale Enamel Marks and the Copyrighted Product Photographs, including its exclusive right to use and license such intellectual property and the goodwill associated therewith.

80.     Defendants' use of infringing versions of the Copyrighted Product Photographs or substantially similar photographs, and in some cases use similar or identical marks to one or more of Royale Enamel Marks, including the reproduction, distribution, public display, promotion, advertisement, offers to sell and sale of their infringing goods, is without Plaintiff's consent or authorization.

81.     Defendants are engaging in the above-described illegal infringing and pirating activities knowingly and intentionally or with reckless disregard or willful blindness to Plaintiff's rights for the purpose of trading on Plaintiff's goodwill and reputation.

82.     If Defendants' intentional infringing and pirating activities are not preliminarily and permanently enjoined by this Court, Plaintiff and the consuming public will continue to be harmed.

83.     Defendants' infringing activities are likely to cause confusion, deception, and mistake in the minds of consumers before, during and after the time of purchase.

84.     Defendants' wrongful conduct is likely to create a false impression and deceive customers, the public, and the trade into believing there is a connection or association between Plaintiff's genuine goods featured in the Copyrighted Product Photographs and sold under the Royale Enamel Marks and Defendants' Infringing Goods, which there is not.

85.     Defendants' payment and financial accounts are being used by Defendants to accept, receive, and deposit profits from Defendants' infringing, pirating and their unfairly

competitive activities connected with the merchant names JOYBUY, JOYBUY EXPRESS, JOYBUY SELECTION and JOYBUY AMERICA at Walmart.com.

86.     Plaintiff is suffering irreparable injury and has suffered substantial damages as a result of Defendants' unauthorized and infringing activities and their wrongful use of Plaintiff's intellectual property rights.

87.     If Defendants' infringing, pirating and unfairly competitive activities are not preliminarily and permanently enjoined by this Court, Plaintiff and the consuming public will continue to be harmed.

88.      The harm and damages sustained by Plaintiff have been directly and proximately caused by Defendants' wrongful reproduction, distribution, public display, use, advertisement, promotion, offers to sell, and sale of their infringing goods, with pirated versions of Plaintiff's Copyrighted Product Photographs or substantially similar photographs, and in some cases with similar or identical marks to one or more of Royale Enamel Marks.

89.     Defendants reap the benefits of their unauthorized copy, reproduction, public display and distribution of Plaintiff's Copyrighted Product Photographs through their receipt of substantial revenue, including substantial profit, driven by sales of their products using product listings that infringe Plaintiff's Copyrighted Product Photographs and one or more of Royale Enamel Marks.

90.     Defendants have sold their infringing products in competition directly with Plaintiff's genuine products.

91.     Plaintiff should not have any competition from Defendants because Plaintiff never authorized Defendants to use Plaintiff's Copyrighted Product Photographs and the Royale Enamel Marks.

92.     Plaintiff has no adequate remedy at law.

## COUNT I – FALSE DESIGNATION OF ORIGIN (15 U.S.C. §1125(a))

93.     Plaintiff incorporates the allegations of paragraphs 1 through 92 of this Complaint as if fully set forth herein.

94.     Upon information and belief, Defendants have widely advertised, offered for sale, sold, and shipped throughout the United States via Walmart.com their Infringing Goods bearing or infringing one or more of the Royale Enamel Marks.

95.     Defendants' Infringing Goods bearing, offered for sale, and sold using copies of one or more of the Royale Enamel Marks are virtually identical in appearance to Plaintiff's genuine goods.

96.     Defendants' Infringing Goods are different in quality from Plaintiff's goods and are of much lower quality.

97.     Defendants' activities are likely to cause confusion in the trade and among the general public as to at least the origin or sponsorship of their Infringing Goods.

98.     Defendants, upon information and belief, in connection with their advertisement, offer for sale, and sale of their Infringing Goods, have used false designations of origin and false descriptions and representations, including words or other symbols and trade dress, which tend to falsely describe or represent such goods and have caused such goods to enter into commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to Plaintiff's detriment.

99.     Defendants have authorized infringing uses of one or more of the Royale Enamel Marks in Defendants' advertisement and promotion of their infringing branded goods.

100.    Defendants have misrepresented to members of the consuming public that the Infringing Goods being advertised and sold by them are genuine, non-infringing goods.

101.    Defendants are using infringements of one or more of the Royale Enamel Marks in order to unfairly compete with Plaintiff and others for space within organic search engine results and social media results, thereby jointly depriving Plaintiff of a valuable marketing and educational tool which would otherwise be available to Plaintiff, and reducing the visibility of Plaintiff's genuine goods on the internet and across social media platforms.

102.    Defendants' above-described actions are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

103.    Plaintiff has no adequate remedy at law and has sustained indivisible injury and damage caused by Defendants' concurrent conduct.

104.    Absent an entry of an injunction by this Court, Defendants will continue to wrongfully reap profits and Plaintiff will continue to suffer irreparable injury to its goodwill and business reputation, as well as monetary damages.

## COUNT II – COMMON LAW UNFAIR COMPETITON

105.    Plaintiff incorporates the allegations of paragraphs 1 through 92 of this Complaint as if fully set forth herein.

106.    This is an action against Defendants based on their promotion, advertisement, distribution, sale and/or offering for sale of goods bearing or using marks that are virtually identical to one or more of the Royale Enamel Marks in violation of Florida's common law of unfair competition.

107.    Defendants' activities complained of herein constitute unfair methods of competition.

108.    Specifically, Defendants are promoting and otherwise advertising, selling, offering for sale and distributing goods using or bearing infringements of one or more of the Royale Enamel Marks.

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

109.    Defendants are also using infringements of one or more of the Royale Enamel Marks to unfairly compete with Plaintiff and others for (1) space in search engine and social media results across an array of search terms and (2) visibility on the Internet.

110.    Defendants' infringing activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' individual seller stores at Walmart.com and all products sold therein by their use of the Royale Enamel Marks.

111.    Plaintiff has no adequate remedy at law and is suffering irreparable injury and damages as a result of Defendants' actions.

## <u>COUNT III – COMMON LAW TRADEMARK INFRINGEMENT</u>

112.    Plaintiff incorporates the allegations of paragraphs 1 through 92 of this Complaint as if fully set forth herein.

113.     This is an action for common law trademark infringement against Defendants based on their promotion, advertisement, offering for sale, and sale of their Infringing Goods bearing one or more of the Royale Enamel Marks.

114.    Plaintiff is the owner of all common law rights in and to the Royale Enamel Marks.

115.    Defendants, upon information and belief, are promoting, and otherwise advertising, distributing, offering for sale, and selling goods bearing or using infringements of one or more of the Royale Enamel Marks.

116.    Defendants' infringing activities are likely to cause, and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Infringing Goods bearing or using one or more of the Royale Enamel Marks.

117.     Plaintiff has no adequate remedy at law and is suffering damages and irreparable injury as a result of Defendants' actions.

## COUNT IV – COPYRIGHT INFRINGEMENT

118.     Plaintiff incorporates the allegations of paragraphs 1 through 92 of this Complaint as if fully set forth herein.

119.     Pursuant to 17 U.S.C. §411, the Berne Convention Article 5, and the WCT Articles 1 and 3, Plaintiff's Copyrighted Product Photographs are protected by copyright, without registration requirements.

120.     Defendants directly infringed Plaintiff's exclusive rights in its Copyrighted Product Photographs under 17 U.S.C. §106.

121.     Defendants copied, reproduced, displayed, and distributed Plaintiff's Copyrighted Product Photographs and/or prepared derivative works based upon Plaintiff's Copyrighted Product Photographs in violation of Plaintiff's exclusive rights under 17 U.S.C. §106(1), (2), (3) and/or (5).

122.     Defendants' conduct constitutes direct copyright infringement of Plaintiff's Copyrighted Product Photographs.

123.     Defendants profited from the direct infringement of the exclusive rights of Plaintiff in the Copyrighted Product Photographs at issue in this case under the Copyright Act.

124.     Defendants' infringement is not limited to the copyright infringement listed above. Plaintiff will identify such additional infringement after discovery.

125.     On information and belief, there is a business practice of infringement by Defendants.

126.     On information and belief, Defendants routinely and intentionally infringe the intellectual property rights of others, including but not limited to, acting with willful blindness and/or reckless disregard.

127.     Plaintiff has been damaged by the infringement.

128.     The harm to Plaintiff is irreparable.

129.     Plaintiff is entitled to temporary and permanent injunctive relief from Defendants' willful infringement.

130.     Plaintiff is entitled to recover its actual damages and profits of Defendants that are attributable to their infringing and pirating activities.

131.     Plaintiff is entitled to recover its reasonable costs and attorneys' fees incurred in this action.

WHEREFORE, Plaintiff demands judgment on all Counts of this Complaint and an a ward of equitable relief and monetary relief against Defendants as follows:

a.     Entry of temporary, preliminary, and permanent injunctions pursuant to 15 U.S.C. §1116 and Federal Rule of Civil Procedure 65 enjoining Defendants, their agents, representatives, servants, employees, and all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell their Infringing Goods; from infringing or diluting the Royale Enamel Marks; from using the Royale Enamel Marks, or any mark or design similar thereto, in connection with the sale of any unauthorized goods; from using any logo, trade name or trademark or design that may be calculated to falsely advertise the services

or goods of Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with Plaintiff; from falsely representing themselves as being connected with Plaintiff , through sponsorship or association, or engaging in any act that is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of Defendants, are in any way endorsed by, approved by, and/or associated with Plaintiff; from using any reproduction, infringement, copy, or colorable imitation of the Royale Enamel Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendants; from affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent Defendants' goods as being those of Plaintiff, or in any way endorsed by Plaintiff and from offering such goods in commerce; from engaging in search engine optimization strategies using colorable imitations of Plaintiff's name or trademarks and from otherwise unfairly competing with Plaintiff; from copying, displaying, distributing or creating derivative works of Plaintiff's Copyrighted Product Photographs.

b. Entry of a Temporary Restraining Order, as well as preliminary and permanent injunctions pursuant to 28 U.S.C. §1651(a), The All Writs Act, and the Court's inherent authority, enjoining Defendants and all third parties with actual notice of the injunction issued by this Court from participating in, including providing financial or technical services or

other support to, Defendants' activities in connection with the sale and distribution of non-genuine goods bearing and/or using infringements of the Royale Enamel Marks, or copying, displaying, distributing or using Plaintiff's Copyrighted Product Photographs or derivative works thereof.

c.  Entry of an order authorizing seizure, impoundment and/or destruction of all of the products used to perpetrate the infringing acts pursuant to 17 U.S.C. §503.

d.  Entry of an Order pursuant to 28 U.S.C. §1651(a), The All Writs Act, and the Court's inherent authority that, upon Plaintiff's request, the governing Walmart.com operators and/or administrators for the merchant names JOYBUY, JOYBUY EXPRESS, JOYBUY SELECTION and JOYBUY AMERICA who are provided with notice of an injunction issued by this Court disable and/or cease facilitating access to these Seller IDs and any other alias seller identification names being used and/or controlled by Defendants to engage in the business of marketing, offering to sell, and/or selling goods bearing or using infringements of the Royale Enamel Marks.

e.  Entry of an Order pursuant to 28 U.S.C. §1651(a), The All Writs Act, and this Court's inherent authority that, upon Plaintiff's request, any messaging service and Walmart.com operators or administrators for the merchant names JOYBUY, JOYBUY EXPRESS, JOYBUY SELECTION and JOYBUY AMERICA who are provided with notice of an injunction issued by this Court identify any e-mail address known to be associated with Defendants' respective Seller IDs.

f.  Entry of an Order pursuant to 28 U.S.C. §1651(a), The All Writs Act, and this Court's inherent authority that upon Plaintiff's request, Walmart.com operators and/or administrators who are provided with notice of an injunction issued by this Court permanently remove from the multiple platforms, which include, inter alia, a direct platform, group platform, seller product management platform, vendor product management platform, and brand registry platform, any and all listings and associated images of goods bearing or using infringements of the Royale Enamel Marks via the individual seller stores operating under the merchant names JOYBUY, JOYBUY EXPRESS, JOYBUY SELECTION and JOYBUY AMERICA.

g.  Entry of an Order pursuant to 28 U.S.C. §1651(a), The All Writs Act and this Court's inherent authority that, upon Plaintiff's request, Defendants and Walmart.com operators and/or administrators who are provided with notice of an injunction issued by this Court immediately cease fulfillment of and sequester all goods of the Defendants bearing or using one or more of the Royale Enamel Marks in their inventory, possession, custody, or control, and surrender those goods to Plaintiff.

h.  Entry of an Order requiring Defendants to correct any erroneous impression the consuming public may have derived concerning the nature, characteristics, or qualities of their products, including without limitation, the placement of corrective advertising and providing written notice to the public.

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

i.   Entry of an Order requiring Defendants to account to and pay Plaintiff for all profits and damages resulting from Defendants' violations under 15 U.S.C. §1125(a), comprising false designation of origin, common law unfair competition, and common law trademark infringement activities and that the award to Plaintiff be trebled, as provided for under 15 U.S.C. §1117(a).

j.   Entry of an Order requiring Defendants to account to and pay Plaintiff for actual damages and all profits resulting from Defendants' copyright infringement, for all infringements involved in the action, with respect to any one work, for which Defendants are liable as the Court considers just pursuant to 17 U.S.C. §504(a)(1) and (b).

k.   Entry of an award pursuant to 15 U.S.C. §1117(a) of Plaintiff's costs and reasonable attorneys' fees and investigative fees, associated with bringing this action, including the cost of corrective advertising.

l.   Entry of an Order that, upon Plaintiff's request, Defendants and any financial institutions, payment processors, banks, escrow services, money transmitters, or Walmart.com platform, and their related companies and affiliates, identify and restrain all funds, up to and including the total amount of judgment, in all financial accounts and/or sub-accounts used in connection with the merchant names JOYBUY, JOYBUY EXPRESS, JOYBUY SELECTION and JOYBUY AMERICA, or other alias seller identification or e-commerce store names used by Defendants presently or in the future, as well as any other related accounts of the same customer(s)

and any other accounts which transfer funds into the same financial institution account(s) and remain restrained until such funds are surrendered to Plaintiff in partial satisfaction of the monetary judgment entered herein.

m.  Entry of an award of pre-judgment interest on the judgment amount.

n.  Entry of an Order for any further relief as the Court may deem just and proper.

DATED: December 8, 2022                    Respectfully submitted,

*/s/ Joel B. Rothman*
JOEL B. ROTHMAN
Florida Bar Number:  98220
joel.rothman@sriplaw.com
CRAIG A. WIRTH
Florida Bar Number:  125322
craig.wirth@sriplaw.com
ANGELA M. NIEVES
Florida Bar Number:  1032760
angela.nieves@sriplaw.com
LAYLA T. NGUYEN
Florida Bar Number:  1024723
layla.nguyen@sriplaw.com

**SRIPLAW, P.A.**
21301 Powerline Road
Suite 100
Boca Raton, FL  33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff Royale Enamel Limited*